Form VI-ED
Pro Se Employment Discrimination Complaint
(Rev. 8/24/15)

### IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
### DIVISION OF  ☐ ST. THOMAS/ST. JOHN  ☐ ST. CROIX

Catherine Scott )
(Print your full name) )
 )
Plaintiff pro se, )
 ) COMPLAINT
 )
v. )
 ) Civil Action No. 22cv49
VITELCO dba VIYA ) (To be provided by the Clerk of Court)
4611 Tutu Park Ste 200 )
ST. Thomas VI 00802 )
Defendant(s)

Provide full name(s) of defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part II below.

I. Jurisdiction is asserted under 28 U.S.C. §§ 1331, 1343 and the below-listed statute(s) (check only those that apply):

☐ Title VII of the Civil Rights of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq. for employment discrimination on the basis of race, color, religion, sex, or national origin, or retaliation for exercising rights under this statute.
NOTE: *In order to bring a Title VII action, you must first obtain a Notice of Right to Sue Letter from the Equal Employment Opportunity Commission ("EEOC").*[1]

☐ Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 et seq. for employment discrimination against persons age 40 or over, or retaliation for exercising rights under this statute.
NOTE: *In order to bring an ADEA action, you must first file a charge with the EEOC and you must have been at least 40 years old at the time you believe that you were discriminated against.*[2]

☒ Americans with Disability Act of 1990 ("ADA"), 42 U.S.C. § 12101 et seq. for employment discrimination on the basis of disability, or retaliation for exercising rights under this statute.
NOTE: *In order to bring an ADA action, you must first obtain a Notice of Right to Sue Letter from the EEOC.*[3]

☐ Civil Rights Act of 1970, 42 U.S.C. § 1981 et seq. for employment discrimination on the basis of race.
NOTE: *There is no obligation to file documentation with the EEOC before seeking relief under § 1981.*

☐ Other (describe) _____

---

[1] 42 U.S.C. § 2000e-5(f)(1).
[2] The ADEA does not require that the EEOC issue a Notice of Right to Sue Letter before an individual commences a federal suit. See 29 U.S.C. § 626(d)(2).
[3] 42 U.S.C. § 12117(a).

Form VI-ED
Pro Se Employment Discrimination Complaint
(Rev. 8/24/15)

## II. Parties in this complaint:

A. List your name, address and telephone number. You **must** keep the Clerk of Court apprised of your current contact information.

Name: **CATHERINE SCOTT**
Street Address: **75 Estate Golden Rock**
City/State/Zip Code: **Christiansted VI 00820**
Telephone No.: **340-771-0366**  Email Address: **catherinescott583@hotmail.com**

B. Provide the name and address of each defendant listed in the caption on the first page. Attach additional sheets of paper as necessary.

Defendant No. 1
Name: **VITELCO dba VIYA**
Street Address: **4611 Tutu Park Suite# 200,**
City/State/Zip Code: **St. Thomas, V.I. 00802**
Telephone No.: _____
Position/Title: _____

Defendant No. 2
Name: **Micol L. Morgan | Ogletree, Deakins, Nash, Smoak & Stewart, LLC**
Street Address: **The Tunick Building, 1336 Beltjen Road, Suite 201 S**
City/State/Zip Code: **St. Thomas, USVI 00802**
Telephone No.: **Telephone: 340-714-1232/ Fax: 340-714-1245**
Position/Title: **Defendant's Attorney**

If there are more than two defendants, attach a separate sheet. For each defendant, specify: (1) name; (2) street address; (3) city/state/zip code; and (4) position/title.

## III. Nature of the Case

A. Plaintiff

___ is presently employed by the defendant. Hiring date: _____
**X** is no longer employed by the defendant. Dates of employment: From: **November 14, 1988 to June 17, 2020**
___ was not hired by the defendant.

B. The approximate number of people employed by defendant is: **Unknown**

C. The alleged discriminatory acts occurred on or about (state date or time period):
After retiring I was notified in June, 2021 by Viya that I wouldn't be getting my correct retirement payout.

Form VI-ED
Pro Se Employment Discrimination Complaint
(Rev. 8/24/15)

D. The alleged discriminatory acts took place at:
   __Viya, place of employment, after retiring.__

E. The discriminatory acts that are the basis of this suit are (check all that apply to your case):

   ___ Failure to hire me
   ___ Failure to promote me
   ___ Demotion
   _X_ Reduction in my wages
   ___ Sexual harassment
   ___ Hostile Work Environment
   ___ Unequal terms and conditions of my employment compared to similarly-situated employees
   ___ Retaliation
   ___ Termination of my employment
   ___ Failure to reasonably accommodate my disability
   _X_ Other (specify): __Denial of disability benefits, and pention__

NOTE: *For those actions for which an EEOC filing is a prerequisite, only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court.*

F. I believe I was discriminated against because of my (check all that apply):

   ___ race, which is _____
   ___ color, which is _____
   ___ religion, which is _____
   ___ sex (gender), which is    ___ Male    ___ Female
   ___ national origin, which is _____
   ___ opposition to a practice of my employer that I believe violated the federal anti-discrimination laws or my participation in an EEOC investigation
   ___ age. My date of birth is _____ (month, day, year)
   _X_ disability, which is __physical disability, the inability to complete work.__
   ___ Other (specify): _____

Form VI-ED
Pro Se Employment Discrimination Complaint
(Rev. 8/24/15)

G. The name(s), race, sex, and the position or title of the individual(s) who allegedly discriminated against me during my period of employment is (are):

   VITELCO dba VIYA,

H. Provide the essential facts of your case "IN NUMBERED PARAGRAPHS, EACH LIMITED AS FAR AS PRACTICABLE TO A SINGLE SET OF CIRCUMSTANCES."[4] Describe specifically the conduct that you believe was discriminatory or retaliatory and how each defendant was involved. *Attach additional sheets of paper as necessary, numbering each allegation.* Do not give any legal arguments or cite any cases or statutes.

1. Plaintiff should have been offered Disability Retirement based on the Pension Plan for Grandfathered Employees as well as the Labor Agreement between the Virgin Islands Telephone Corporation dba VIYA, and United Steelworkers of America which states, that both parties agree to abide by the provisions of the Americans with Disabilities Act which was willfully never offered.

2. Defendant (Virgin Islands Telephone Corporation dba VIYA) claimed that if Social Security Administration granted plaintiff Disability, they would change plaintiff's retirement status from Early Retirement to Disability Retirement and make me whole for all my losses to my retirement to date and going forward.

3. Since the Social Security Administration granted plaintiff Disability, the Virgin Islands Telephone Corporation dba VIYA should have changed Plaintiff's retirement status since October 20, 2019.

4. The Social Security Administration determined that considering Plaintiff's age, education, work experience and residual functional capacity, there are no jobs that exist in significant numbers in the national economy that she can perform

---

[4] FED. R. CIV. P. 10.

Continued.

H.

5. The Social Security Administration further found that the demands of Plaintiff's past relevant work exceed her residual functional capacity, and even if she had the residual functional capacity for a full range of sedentary work, a finding of "disabled" would be directed by the Medical Vocational.

6. Plaintiff filed for Workers Compensation in September of 2018 after being diagnosed with Carpal Tunnel Syndrome. In February 2019, Plaintiff returned to work despite still being in pain. After two months of being at work, Plaintiff had to return to therapy.

7. Plaintiff continued to work, but the illnesses caused her to continue to experience stiffness, numbness, tingling, and pain in her hands and fingers. Consequently, Plaintiff was forced once again to seek Workers Compensation.

8. Workers Compensation advised plaintiff that she had reached maximum benefits of treatment and/or sufficient time had passed, so she could no longer receive workers compensation benefits.

9. Malissa Neille, the Benefits manager/HR representative for Viya, specifically advised plaintiff, Ms. Scott, that if she opted for early retirement before a final determination was made by the Social Security Administration on her claim, whenever the Social Security Administration made a determination and it was favorable to her, she could have her retirement status changed to Disability Retirement.

10. By letter dated May 26, 2021, the Social Security Administration notified plaintiff, Ms. Scott, and

advised her that she has been determined to be disabled and that she has been determined to be under such disability since October 20, 2019.

11. Plaintiff, Ms. Scott, is entitled to retirement disability since she was disabled prior to her retirement, and further qualifies as a grandfathered VITELCO employee.

12. Plaintiff, Ms. Scott, has lost substantial benefits from her retirement since she is being penalized for early retirement despite the fact that she was disabled prior to her retirement and should have been permitted the option of early retirement based on her disability.

13 Based on the facts of this matter, and the ability for VIYA to correct its error, plaintiff, Ms. Scott, would like for VIYA to immediately change her status to early retirement based on disability.

H.

1. Plaintiff should have been offered Disability Retirement based on the Pension Plan for Grandfathered Employees as well as the Labor Agreement between the Virgin Islands Telephone Corporation dba VIYA, and United Steelworkers of America which states, that both parties agree to abide by the provisions of the Americans with Disabilities Act which was willfully never offered.

2. Defendant (Virgin Islands Telephone Corporation dba VIYA) claimed that if Social Security Administration granted plaintiff Disability, they would change plaintiff's retirement status from Early Retirement to Disability Retirement and make me whole for all my losses to my retirement to date and going forward.

3. Since the Social Security Administration granted plaintiff Disability, the Virgin Islands Telephone Corporation dba VIYA should have changed Plaintiff's retirement status since October 20, 2019.

4. The Social Security Administration determined that considering Plaintiff's age, education, work experience and residual functional capacity, there are no jobs that exist in significant numbers in the national economy that she can perform.

5. The Social Security Administration further found that the demands of Plaintiff's past relevant work exceed her residual functional capacity, and even if she had the residual functional capacity for a full range of sedentary work, a finding of "disabled" would be directed by the Medical Vocational.

6. Plaintiff filed for Workers Compensation in September of 2018 after being diagnosed with Carpal Tunnel Syndrome. In February 2019, Plaintiff returned to work despite still being in pain. After two months of being at work, Plaintiff had to return to therapy.

7. Plaintiff continued to work, but the illnesses caused her to continue to experience stiffness, numbness, tingling, and pain in her hands and fingers. Consequently, Plaintiff was forced once again to seek Workers Compensation.

8. Workers Compensation advised plaintiff that she had reached maximum benefits of treatment and/or sufficient time had passed, so she could no longer receive workers compensation benefits.

9. Malissa Neille, the Benefits manager/HR representative for Viya, specifically advised plaintiff, Ms. Scott, that if she opted for early retirement before a final determination was made by the Social

Security Administration on her claim, whenever the Social Security Administration made a determination and it was favorable to her, she could have her retirement status changed to Disability Retirement.

10. By letter dated May 26, 2021, the Social Security Administration notified plaintiff, Ms. Scott, and advised her that she has been determined to be disabled and that she has been determined to be under such disability since October 20, 2019.

11. Plaintiff, Ms. Scott, is entitled to retirement disability since she was disabled prior to her retirement, and further qualifies as a grandfathered VITELCO employee.

12. Plaintiff, Ms. Scott, has lost substantial benefits from her retirement since she is being penalized for early retirement despite the fact that she was disabled prior to her retirement and should have been permitted the option of early retirement based on her disability.

13 Based on the facts of this matter, and the ability for VIYA to correct its error, plaintiff, Ms. Scott, would like for VIYA to immediately change her status to early retirement based on disability.

Form VI-ED
Pro Se Employment Discrimination Complaint
(Rev. 8/24/15)

## IV. Exhaustion of Administrative Remedies/Grievance Procedures

A. I filed a charge with the EEOC regarding the alleged discriminatory conduct on:

   June 16, 2022        Charge No: 16L-2022-00003    (Month/Day/Year)

B. The EEOC (check one):

   ___ has not issued a Notice of Right to Sue Letter.
   _X_ issued a Notice of Right to Sue Letter, which I received on __08/01/2022__ (Month/Day/Year).

   NOTE: Attach a copy of the Notice of Right to Sue Letter to the complaint.

C. *If alleging age discrimination:* Since filing my charge of age discrimination with the EEOC regarding the alleged discriminatory conduct (check one):[3]

   ___ 60 days or more have passed.
   ___ fewer than 60 days have passed.

## V. Relief Requested (check only those that apply):

☐ Injunctive relief (check applicable options)

   ___ Direct the defendant to hire me.
   ___ Direct the defendant to re-employ me.
   ___ Direct the defendant to promote me.
   ___ Direct the defendant to reasonably accommodate my disabilities.
   ___ Direct the defendant to reasonably accommodate my religion.
   _X_ Other (specify): Correct Pension payment starting on the day that Social Security granted me disability status, from Oct 2019.

☒ Monetary damages in the amount of: Correct Pension payment starting on the day that Social Security granted me disability status, from Oct 2019.

☒ Costs and fees incurred in litigating this matter.

☐ Trial by jury on all issues so triable.

☐ Such other relief as may be appropriate.

---

[3] *See* 29 U.S.C. § 626(d).

Form VI-ED
Pro Se Employment Discrimination Complaint
(Rev. 8/24/15)

## VI. Verification and Declaration under Penalty of Perjury

*Initial each of the following:*

__X__  I have included one properly completed Form JS 44 Civil Cover Sheet (available from the clerk's office).

__X__  I have included one properly completed Form VI-AO 44 Summons in a Civil Action (available from the clerk's office) for each defendant I am suing, including the defendant's full name, job title and work address.

__X__  In addition to this complaint with an original signature, I have included one copy of this complaint for each defendant.

__X__  I have included:

    ☒ Full payment of the filing fee ($400.00) via cash (delivered in person) or check or money order payable to Clerk, District Court of the Virgin Islands; or

    ☐ A properly completed Motion to Proceed *In Forma Pauperis* in a Non-Prisoner Civil Action (Form VI-AO 240-NP)

__X__  **I have included the following (available from the clerk's office):

    ☒ Motion for Permission for Electronic Case Filing ("e-filing or ECF")

        __X__  I understand the Court may deny my ECF motion pursuant to Local Rule of Civil Procedure 5.4(b)(2).

        __X__  I understand if the Court grants my ECF motion, it may subsequently terminate my e-filing access.

    ☒ Pro Se ECF Registration Form

** *INITIAL and complete ECF motion/registration form only if you have access to a computer and an email account.*

__X__  I agree to promptly notify the clerk of any change of address.

__X__  I have read all of the statements in this complaint. [*Do not forget to keep a copy for your records.*]

I DECLARE UNDER PENALTY OF PERJURY THAT THE INFORMATION CONTAINED IN THIS DOCUMENT IS TRUE AND CORRECT. 28 U.S.C. §1746; 18 U.S.C. §1621

This 19 day of September, 20 22

_____
Signature of plaintiff